177 So.2d 715 (1965)
Steven L. COYNER, Appellant,
v.
STATE of Florida, Appellee.
No. 65-38.
District Court of Appeal of Florida. Third District.
July 27, 1965.
*716 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
Before TILLMAN PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
The appellant, defendant below, seeks review of the trial court's summary denial of his petition for relief pursuant to Criminal Procedure Rule One.
The defendant was charged by information with breaking and entering a dwelling with intent to commit rape, and assault with intent to commit rape. The defendant entered a plea of not guilty and waived trial by jury. He was subsequently tried, found guilty and sentenced to twenty years in the State Penitentiary. No appeal was taken from this judgment.
The defendant filed a sworn petition for relief pursuant to Criminal Procedure Rule One, alleging, inter alia, that his private defense counsel was denied a reasonable opportunity to prepare for trial and that this constitutes a ground for collateral attack.
A supplementary petition for relief was filed, alleging that the defendant was convicted upon an involuntary confession, in that the police promised: "* * * that if your movant would confess to a prepared confession and cooperate they (police) would see that he your movant would not go to the `electric chair' and in addition see that the rape charge was dismissed." The lower court summarily denied defendant's petition and this appeal follows.
The record reflects that defendant was represented by the public defender at the time of his arraignment on May 8, 1964 and also on May 14, 1964, when a motion for a bill of particulars was granted, but does not reflect when private counsel was obtained. His petition claims that on the day of trial the public defender requested permission to withdraw; that a one day postponement was granted, and that thereafter private counsel appeared and represented defendant at the trial. The record does not reflect any motion for continuance by private counsel.
*717 In Reed v. State, 1927, 94 Fla. 32, 113 So. 630, the Supreme Court made this statement:
* * * * * *
"* * * Nor can we say from this record that the court, in placing them upon trial the day after their indictment and arraignment, did not allow a sufficient and reasonable time for them to consult with their counsel and prepare their defense. It is true that the time was very short and that it is most unusual for a court to set a murder case for trial the day after the indictment is returned. But the facts of this case as disclosed by the evidence are not before us, and we cannot say, as a matter of law, that the court erred in the respect above charged. The defendants did not object to being arraigned at the time they were, or ask for any other or further time for the purpose of preparing their defense, procuring witnesses, or consulting their counsel, or for any other purpose at that or any other time. When the case was set for trial on the day following their arraignment, they raised no objection nor did they raise any objection or ask for further time when the case was called for trial on the 8th of September, at which time it affirmatively appears that they had been furnished with counsel. In fact, the record affirmatively shows that when this case was called for trial on September 8th, each of the parties announced themselves ready for trial. It therefore appears that the defendants were not `forced to trial,' to use the words of the assignment of error. Nor does it appear that they were put upon trial without sufficient opportunity to prepare their defense, or procure witnesses, or consult with their counsel. Inasmuch as no further time was requested, we must presume that counsel for the defendant was of the opinion that the defendants were ready for trial, that they had accessible for use all the witnesses which they could obtain then or at any other time, and that there was no sufficient reason to ask the court for a postponement or continuance. The record shows nothing to the contrary. * * * (Emphasis added)
* * * * * *
This case is different from those in which the trial court denies the motions of defendants' attorneys for a continuance on the grounds of insufficient time to prepare a defense. In those cases the defendants' attorneys obviously never believed they were adequately prepared to properly defend their clients. In the instant case, the defendant selected his own private counsel and he cannot now challenge his competency in the conduct of the trial. Amaral v. State, Fla.App. 1965, 171 So.2d 549.
We therefore hold that the trial court was correct in denying the petition of the defendant, inasmuch as he had been represented by the public defender from the day of arraignment to the time of trial, May 27, 1964, and was represented at the trial by private counsel of his own choosing, who could have, but did not move for a continuance on the ground that he had insufficient time to prepare a defense.
The defendant also contends that the confession introduced against him at the trial was an involuntary confession induced by promises of leniency made to him by the police. The defendant was represented by counsel and had a right to directly appeal the error, if any, in permitting the alleged involuntary confession to be introduced into evidence; and he may not now do so by collateral attack on the judgment of conviction. See Thompson v. State, Fla.App. 1965, 176 So.2d 564, (opinion filed July 6, 1965, not yet reported), and cases cited therein.
For the reasons stated, the decision of the trial court is
Affirmed.