180 So.2d 477 (1965)
Theodore ZIEGLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-115.
District Court of Appeal of Florida. Third District.
November 30, 1965.
*478 Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and BARKDULL, JJ.
PER CURIAM.
This is an appeal from a summary denial of the defendant's motion for relief brought pursuant to Criminal Procedure Rule No. 1, F.S.A. Chapter 924 Appendix.
Defendant set forth in his motion that he was a minor at the time of his trial and that his parents were not notified of said trial. He further alleged that his conviction was based upon a "forced confession" introduced at the trial of the cause. We find no merit in the latter contention. It has been repeatedly held in this state that questions raised as to the admissibility and weight of the evidence may only be raised by appeal from the judgment of conviction and not by motion to vacate.[1] The defendant was represented by counsel and he had a right to directly appeal the error, if any, in permitting the alleged involuntary confession to be introduced into evidence; and he may not now do so by collateral attack on the judgment of conviction.[2]
Defendant's next contention is that at the time of his trial he was a minor and that his parents were never notified of his trial in violation of § 932.38, Fla. Stat. F.S.A.
The motion shows that the defendant failed to make a prima facie showing *479 that he was entitled to relief on that ground as he did not allege that he was an unmarried minor.[3]
However the court did examine the record and found that the parents or guardian of defendant had notice of the proceedings against him. We are not satisfied that such a finding can be made upon a mere examination of this record. We have therefore concluded that an evidentiary hearing is necessary to determine whether the defendant was an unmarried minor at the time of his trial and, if so, whether the notification as required in § 932.38 was complied with.
Accordingly, the order denying defendant's motion is reversed and remanded for proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Austin v. State, Fla.App. 1964, 160 So.2d 730 and cases cited therein.
[2] Coyner v. State, Fla.App. 1965, 177 So.2d 715.
[3] Miles v. State, Fla.App. 1965, 174 So.2d 576.