**Edward J. GOBIE, Appellant,**

v.

**L. L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

**No. 24321.**

United States Court of Appeals
Fifth Circuit.

July 6, 1967.

Certiorari Denied Nov. 13, 1967.

See 88 S.Ct. 348.

Edward J. Gobie, pro se.

Earl Faircloth, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

---

PER CURIAM:

The appellant is serving two concurrent fifteen-year sentences for robbery which were imposed in 1959 by a Florida state court. The district court denied habeas corpus relief without an evidentiary hearing; and we granted a certificate of probable cause to appeal.

The appellant's contentions that he was unlawfully arrested, denied a preliminary hearing, arraigned without benefit of counsel, and tried by a six-man jury upon an information rather than an indictment are clearly without merit. The appellant pleaded guilty on one of the robbery charges after he had been convicted and sentenced to serve twenty-five years for the other robbery, and to a consecutive five-year term for breaking and entering. He alleges that, through counsel who was a friend of the trial judge, he bartered for reduction of these sentences, which was granted by requiring him to plead guilty to the other robbery charge and to forego his direct appeal rights.

■■ If the trial judge or a prosecutor wrongfully induced the appellant's plea of guilty, the judgment based thereon would be invalid, see Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L. Ed.2d 579 (1958), reversing, 5 Cir. 1957, 246 F.2d 571; and the appellant would be entitled to take a belated direct appeal from the other robbery judgment. Wainwright v. Simpson, 5 Cir. 1966, 360 F.2d 307. However, the appellant has not presented this ground to any state court for adjudication. As to it, he has failed to exhaust his available state remedies as is required by the provisions of 28 U.S.C. § 2254. Ames v. Middlebrooks, 5 Cir. 1966, 369 F.2d 113. The State of Florida provides a post-conviction remedy by motion to vacate the judgment of conviction, with right of appeal from a denial of relief. See Fla. Stat.Ann. § 924 Appendix, Rule 1; In re Criminal Procedure Rule No. 1, Fla. 1963, 151 So.2d 634.

The judgment will be affirmed, without prejudice to the appellant's right to assert a claim for federal relief upon the ground discussed hereinabove, after he has fully exhausted his available state post-conviction remedies.

Affirmed.