**Henry Clay HAGGARD, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

No. 71-1340.

United States Court of Appeals, Fifth Circuit.

March 10, 1971.

Henry C. Haggard, pro se.

Lloyd G. Hart, Asst. Atty. Gen. of Ala., Montgomery, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Henry Clay Haggard has applied to this Court for a certificate of probable cause[1] and leave to appeal in forma pauperis[2] from the district court's peremptory denial of his petition for habeas corpus on the ground that he had failed to exhaust his available state remedies within the meaning of 28 U.S.C. § 2254. We grant the application for certificate of probable cause and leave to appeal IFP, and summarily vacate and remand the case.

Haggard filed his federal habeas petition in the district court on July 13, 1970, and thereafter that court ordered that the State of Alabama show cause why relief should not be granted. In response thereto the Attorney General of Alabama filed an answer on September 1, 1970, stating that Haggard had failed to exhaust his available state remedies because he had an appeal then pending

1. 28 U.S.C. § 2253, Rule 22(b), F.R.A.P.

2. 28 U.S.C. § 1915.

in the Court of Criminal Appeals of the State of Alabama from the February 6, 1970 dismissal of his petition for error coram nobis relief by the Circuit Court of Bibb County, Alabama. The district court denied Haggard's federal habeas petition on the basis of the State's response, holding that the petition was premature in view of his pending state coram nobis appeal.

In considering the issue of exhaustion, it has come to this court's attention that the Court of Criminal Appeals of Alabama affirmed the Circuit Court's denial of coram nobis relief on June 23, 1970.

Since petitioner's application for federal habeas corpus relief was filed subsequent to June 23, 1970, it is clear that requisite exhaustion of state remedies has occurred.

The order of the district court is vacated and the case remanded for further proceedings consistent herewith.

Vacated and remanded.