Joseph **BONAPARTE**, Petitioner-Appellant,

v.

S. Lamont **SMITH**, Warden, Georgia State Prison, Reidsville, Ga., Respondent-Appellee.

No. 71–1179.

United States Court of Appeals, Fifth Circuit.

Sept. 16, 1971.

Joseph Bonaparte, pro se.

Arthur K. Bolton, Atty. Gen. of Ga., William R. Childers, Jr., Atlanta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The opinion rendered by this Court on July 22, 1971, in the above-styled and numbered cause is hereby withdrawn, and the following opinion is substituted in lieu thereof.

This is an appeal from the district court's denial of habeas corpus relief to a prisoner of the State of Georgia. The district court, without an evidentiary hearing, denied the petition on the ground that the appellant intentionally bypassed his state remedy of appeal to the Georgia Supreme Court from the state trial court's denial of habeas relief. We conclude that the district court erred in finding intentional bypass solely upon the basis of the record before it, and we accordingly remand for full development of the bypass issue by means of an evidentiary hearing.

After the appellant filed his habeas corpus petition in the district court, the trial judge ordered the petition dismissed unless the appellant presented to the court his reasons for failing to prosecute his case in the Georgia Supreme Court. By means of a timely written response, the appellant presented to the trial judge the following reasons for his failure to prosecute his state appeal: (1) he was unable to retain an attorney; (2) he did not have access to a law library where he could draw or prepare a sufficient brief to support his appeal; and (3) he did not intend to violate any of the state procedural rules because he was ignorant of the rules of habeas corpus procedure. The district court found, solely upon the basis of the record before it and without an evidentiary hearing, that each of these contentions was without merit and concluded that in accordance with Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837, the appellant knowingly and intentionally waived his right to appeal to the Georgia Supreme Court.

The district court correctly noted that in a federal habeas corpus action the burden of establishing the absence of a deliberate bypass of state remedies is on the prisoner. *See* Nash v. United States, 5 Cir. 1965, 342 F.2d 366; Gingrich v. Oberhauser, C.D.Calif.1969, 305 F.Supp. 738. We do not think, however, that the appellant in this case was accorded a sufficient opportunity to discharge his burden of proving an absence of deliberate bypass. In accordance with the order of the district court, the appellant was limited to the proffering of written reasons to justify his failure to prosecute his state appeal. But we do not believe that a written response in this case constituted an adequate opportunity for the appellant to articulate his justifications for bypassing the Georgia Supreme Court. Therefore, we remand the case to the district court with directions to accord the appellant, by means of an evidentiary hearing, a sufficient opportunity to discharge his burden of showing that his failure to appeal to the Georgia Supreme Court was not a deliberate bypass of state remedies.

Reversed and remanded.