William R. JOHNSON, Petitioner-
Appellant,

v.

S. Lamont SMITH, Warden, Georgia State
Prison, Respondent-Appellee.

No. 71–1454
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1971.

William R. Johnson, pro se.

Arthur K. Bolton, Atty. Gen. of Ga., Dorothy T. Beasley, Asst. Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, Asst. Atty. Gen., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

William R. Johnson, a Georgia state prisoner, petitioned the district court for a writ of habeas corpus on the ground that he unknowingly entered pleas of guilty to three counts of burglary and one count of auto larceny before the Superior Court of Henry County, Georgia, on August 3, 1962, and that despite his request for counsel none was appointed to represent him. The district court, without an evidentiary hearing, found that Johnson had deliberately by-passed his state post-conviction remedies by inexcusably failing to perfect an appeal to the Supreme Court of Georgia from the dismissal of his state habeas corpus petition. Accordingly, the district court dismissed the petition. It was error for the lower court to find deliberate by-pass without a hearing, solely on the state court record and we remand for development of that issue at an evidentiary hearing.

* [1]   Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

In January 1970, Johnson filed his habeas corpus petition in the state trial court pursuant to the Habeas Corpus Act of 1967, Ga.Laws 1967, pp. 835, 836 (Ga.Code Ann. Section 50–127). A hearing was held on February 4, 1970, at which time Johnson asked the court to appoint counsel to represent him. After the request was denied, Johnson testified in his own behalf and the Prison Classification Officer testified in behalf of Warden Smith. On April 17, 1970, the state trial court denied habeas relief and remanded Johnson to the custody of the Warden. In his notice of appeal to the Supreme Court of Georgia, Johnson requested the appointment of counsel. The Clerk of the Supreme Court of Georgia, on May 26, 1970, advised Johnson that his case had been docketed and assigned for argument to the calendar beginning on July 13, 1970. He was instructed to refer to Rules 15 to 23 for requirements as to preparation, service, and filing of briefs, and the payment of costs due the State. By order dated July 14, 1970, the Supreme Court of Georgia dismissed Johnson's appeal for want of prosecution because he had failed to file an enumeration of errors with accompanying briefs (Johnson's request for appointment of counsel never having been ruled upon).

The district court, observing that Johnson had managed to file a lengthy series of pleadings and briefs in the state and federal courts, found that there was no excuse for Johnson's failure to comply with the procedural requirements of the Supreme Court of Georgia. The lower court characterized the Georgia Supreme Court's procedural rules as sufficiently simple to render the assistance of counsel unnecessary. In addition, the district court noted that the most recent volumes of the Georgia Reports contained decisions on the merits of a substantial number of *pro se* habeas corpus applications. Consequently, the district court rejected Johnson's contention that his lack of access to counsel made it impossible for him to perfect his appeal to the Georgia Supreme Court.

This case is governed by Wynn v. Smith, Warden, 5 Cir. 1971, 446 F.2d 341, and Bonaparte v. Smith, Warden, 5 Cir. 1971, 448 F.2d 385. In *Wynn* we held that the dismissal of an appeal to the Supreme Court of Georgia from the denial of a petition for habeas corpus for failure to comply with the Georgia Supreme Court's rules does not in and of itself support an inference of a deliberate by-pass of state remedies.

The case is remanded to the lower court with directions to conduct an evidentiary hearing and make findings as to the by-pass issue. The petitioner must be afforded an opportunity to show, if he can, that his failure to perfect his appeal to the Supreme Court of Georgia was not a deliberate by-pass of state remedies.

Reversed and remanded.