William ESSEX, Jr., Petitioner-Appellant,

v.

M. J. ELLIOTT, Respondent-Appellee.

No. 72–1091

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 21, 1972.

William Essex, Jr., pro se.

William J. Baxley, Atty. Gen., Joseph G. L. Marston, III, and Don C. Dickert, Asst. Attys. Gen., Montgomery, Ala., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is before us on application for appointment of counsel. We need not reach this since the case obviously must be remanded. Without holding an evidentiary hearing and relying solely on the scanty state court record before it, the District Court denied Appellant's petition for writ of habeas corpus on the ground that he had intentionally bypassed State post-conviction remedies. In the light of that record as well as the Federal Court record, the Court's failure to hold an evidentiary hearing on this issue is clearly contrary to our recent decisions in Bonaparte v. Smith, 5 Cir., 1971, 448 F.2d 385, and Johnson v.

---

1. See Wright, 2 Fed.Pract. & Proc., § 514.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Smith, 5 Cir., 1971, 449 F.2d 127. See also Calhoun v. Smith, 5 Cir., 1971, 447 F.2d 1356; Fay v. Noia, 1963, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837, 869. The case is therefore remanded with directions that the District Court hold an appropriate hearing and make necessary findings on the issue of deliberate by-pass of State remedies, and take such further action as would then be appropriate.

Vacated and remanded.