**Henry Lewis MONTGOMERY, Petitioner-Appellant,**

v.

**E. B. CALDWELL, etc., Respondent-Appellee.**

No. 72–1567.

United States Court of Appeals, Fifth Circuit.

March 24, 1972.

Henry L. Montgomery, pro se.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This case is before us on Montgomery's application for a certificate of probable cause and leave to appeal in forma pauperis pursuant to 28 U.S.C. § 2253, Rule 22(b) Federal Rules of Appellate Procedure and 28 U.S.C. § 1915. The district court peremptorily denied his petition for the writ of habeas corpus on the ground that he had failed to exhaust his available state remedies as required in 28 U.S.C. § 2254. We grant the application for a certificate of probable cause and leave to appeal in forma pau-

peris, and summarily vacate and remand the case. Haggard v. Alabama, 439 F.2d 260 (5th Cir. 1971); Washington v. Beto, 424 F.2d 1035 (5th Cir. 1970).

This was the second habeas petition filed in the district court in which the applicant challenged his 1961 convictions for robbery and burglary. He again contended that he was arrested without a warrant and not advised of his rights; that he was interrogated without the presence of counsel; that his guilty pleas were coerced; and that he was denied counsel to represent him at his trial. He alleged further that he did not waive any of his rights. No facts were alleged to support these contentions. The district court, without ordering a response from the state, denied the petition on grounds that state remedies had not been exhausted.

■ In his habeas petition the applicant stated that he "wishes to present some [sic] as were presented in the state court." We believe this statement, although inarticulate, suffices to show in the least that some application for post conviction relief had been made in the state court. Through the cooperation of the Attorney General for the State of Georgia, it has been brought to this Court's attention that applicant did present these same allegations in a habeas petition in the state trial court, where an evidentiary hearing was held. Relief was denied by written order which included findings of fact and conclusions of law in April, 1971. It does not appear that this denial was appealed to the Georgia Supreme Court. However, whether such an appeal was taken, and if not, whether it was deliberately bypassed, are issues that must be confronted initially by the district court. Johnson v. Smith, 449 F.2d 127 (5th Cir. 1971); Bonaparte v. Smith, 448 F.2d 385 (5th Cir. 1971); Thomason v. Smith, 442 F.2d 1330 (5th Cir. 1971); Burton v. State of Alabama, 396 F.2d 755 (5th Cir. 1968).

■ Likewise, we leave for that court's determination whether any of the claims petitioner now makes have not yet been fully considered by the state courts, and are thus not reviewable in the federal habeas forum. Brown v. Wainwright, 394 F.2d 153 (5th Cir. 1968). Those should be dismissed without prejudice to the petitioner's right to return to the federal court after he has exhausted available State post-conviction remedies. Spencer v. Wainwright, 403 F.2d 778 (5th Cir. 1968); Gobie v. Wainwright, 380 F.2d 57 (5th Cir. 1967). Finally, we commit to the district court's discretion the determination of whether the record in this case must be supplemented, which may include requiring Montgomery to amend his petition so as to demonstrate that a factual basis exists for the complaints he makes, which will enable the judge to determine which, if any, claims can be adjudicated on the basis of the State court record, and which, if any, will require a further evidentiary hearing in the federal court. 28 U.S.C.A. § 2254; Smith v. Beto, 433 F.2d 983 (5th Cir. 1970). *See also* Loper v. Ellis, 224 F.2d 901 (5th Cir. 1955). The judgment below is vacated and the case remanded for further proceedings not inconsistent with this opinion.

Vacate and remand.