Henry Lewis MONTGOMERY,
Petitioner-Appellant,

v.

Joseph S. HOPPER, Warden, Georgia
State Prison, Reidsville, Ga.,
Respondent-Appellee.

No. 73-1886.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1973.

Charles B. Pekor, Jr., Columbus, Ga.
(Court-appointed), for petitioner-appellant.

William F. Bartee, Jr., Courtney W. Stanton, Asst. Attys. Gen., Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, SIMPSON and CLARK, Circuit Judges.

CLARK, Circuit Judge:

When this same habeas corpus case was here before (457 F.2d 767), we vacated the district court's action in dismissing on the pro se petition alone and remanded for a hearing. In enumerating various matters which the trial court might consider, we said:

> It does not appear that this denial was appealed to the Georgia Supreme Court. However, whether such an appeal was taken, and if not, whether it was deliberately bypassed, are issues that must be confronted initially by the district court. [457 F.2d at 768]

We likewise set out other procedural matters which were open for consideration on remand. The opinion intended to disabuse any notion that the only thing left to do was to proceed with a hearing on the merits of the petition. Unfortunately, the word choice used to convey to the trial court the idea that the failure to appeal could constitute a bypass (a fact matter which would require initial determination by that court) may have inadvertently spawned difficulty. Pursuant to our mandate, the court below held a hearing and entered a written opinion which, after setting forth the quoted excerpt, dealt with bypass as "the question presented" and found that no notice of appeal had been filed in the Georgia Supreme Court and that petitioner had deliberately bypassed available state remedies. A rereading of our prior opinion with the illumination of hindsight makes clear how a busy district judge might interpret it to require that he give first consideration to this issue. Now that the facts have

been adduced, we are convinced that they simply will not support a determination that this petitioner, who was not a lawyer and was not then represented by counsel, understandingly and knowingly acted to deprive himself of all collateral review on the constitutional merits of his imprisonment in any state or federal court.

Following his 1961 guilty plea to charges of robbery by force and burglary, Henry Lewis Montgomery was sentenced to 20 years in a Georgia state penitentiary. Approximately ten years later, he filed a pro se habeas corpus petition in the Superior Court of Tattnall County alleging in substance that he had been denied his Sixth Amendment right to effective assistance of counsel at the guilty plea proceeding. This petition was dismissed, and Montgomery testified that he then attempted to appeal the dismissal to the Georgia Supreme Court. A copy of Montgomery's notice of appeal was received by the Attorney General of Georgia, but the Tattnall County Superior Court has no record of any filing by Montgomery of a notice of appeal, and the Georgia Supreme Court has no record of his appeal. Four months after the notice copy was received by the Attorney General, Montgomery brought this federal habeas corpus petition under 28 U.S.C. § 2254. The district court's denial of relief without holding an evidentiary hearing on the basis of failure to exhaust available state remedies produced the first appeal to this court.

■ After conducting an evidentiary hearing consisting of the testimony by petitioner and the Clerk of the Tattnall Superior Court, the court concluded that petitioner, contrary to his sworn testimony, never filed a notice of appeal in the court system of Georgia from the denial of habeas corpus relief. This conclusion, based on physical as well as testimonial proof,[1] is not clearly erro-

---

1. The trial court where the notice was required to be filed had no record of its receipt. Records of the Supreme Court disclosed no inquiry as to the appeal. The document tendered by petitioner as a copy

of the notice which was described by him as having been written by his own hand (1) was an original, and (2) was not in petitioner's handwriting.

neous. Alternatively, the court determined that even if petitioner did mail his notice of appeal he deliberately by-passed the appellate remedy by failing to follow his notice with inquiry as to its status. This latter conclusion was based in part on petitioner's demonstrated knowledge of how to ask for leave to amend his state petition and his subsequent ability to process his federal petition at the trial and appellate level. The court furthermore found Montgomery to lack credibility on three grounds: (1) his testimony concerning the plea he originally entered was inconsistent, (2) his statement that he was sentenced to a term of fifteen years on a not guilty plea without a trial was contradicted by court records and the clerk's personal recollection, and (3) his statement that he did not know people could be represented by lawyers was unbelievable in light of his three prior criminal convictions. Finally, the court noted that Montgomery had served two-thirds of his fifteen year sentence without any suggestion of irregularity. On the strength of these factors, the district judge determined that Montgomery deliberately bypassed his right to appeal and was not entitled to further review of the substantive merits of his claim for relief.

■ The finding of a deliberate by-pass of state remedies precludes federal habeas review of even a meritorious claim that constitutional rights have been denied. Indeed, this particular finding also ends the possibility of further state court review for Montgomery. Consequently, the standards for determining that such a waiver has occurred are rigid. In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Court stated the test as follows:

> If a habeas applicant, after consultation with competent counsel or otherwise, *understandingly and knowingly* forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can

fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refuse to entertain his federal claims on the merits . . . .
> [372 U.S. at 439, 83 S.Ct. at 849] (emphasis added)

The *Fay* standard depends upon "the considered choice of the petitioner." While *Fay* does not absolutely preclude a finding of deliberate bypass by a petitioner who, at the time of the procedural default, was unrepresented by counsel, it does render the subjective finding of knowledgeableness and understanding an exceedingly difficult one to make in that circumstance. *See* Wynn v. Smith, 446 F.2d 341, 345 (5th Cir. 1971).

■ The district court's conclusions that Montgomery "did not in fact file a notice of appeal in the state court" and that "if the petitioner did mail the notice of appeal he deliberately failed to pursue the remedy in the state court . . . ." do not support a *Fay* determination that Montgomery "knowingly *and understandingly*" sought to forego his state habeas appeal as a tactical short cut to federal court. Not even an outright failure to file an appeal would, of itself, constitute a deliberate bypass in the absence of clear proof that the decision not to appeal was made knowingly and understandingly in order to secure some benefit to the petitioner. Similarly, proof that a petitioner has taken no steps to perfect an attempted appeal would not, without more, support an inference of deliberate bypass of state remedies, Johnson v. Smith, 449 F.2d 127 (5th Cir.1971); Wynn v. Smith, *supra*. The court's additional finding that Montgomery acted "deliberately" in failing to pursue his appeal does not furnish a sufficient foundation upon which to rest a conclusion that a bypass has occurred. The term "deliberate bypass" is one of art. While the word "deliberate" can be equated in meaning with "knowing", it is not legally synonomous with "knowingly *and understandingly*" as that term is applied to testing assert-

ed bypass actions of a lay prisoner proceeding pro se.

The circumstances revealed by this record fall short of authorizing the conclusion that Montgomery deliberately bypassed his right of appeal to the Supreme Court of Georgia to gain any tactical or strategic advantage in the pursuit of his claims. We vacate and remand for further consideration of his petition in accordance with this and our prior opinion, with continued insistence that neither action by this court contains the slightest trace of an indication of any prejudgment of how the remainder of this matter should be resolved. We, furthermore, leave to the district court's discretion the determination of whether the issue of exhaustion, or (if the claims presented have been exhausted) the merits of Montgomery's claim, can be adjudicated from the records of the previous state and federal habeas hearings or whether supplemental testimony is necessary.

Vacated and remanded.