**Hiram B. BAILEY, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

**No. 74-2104**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1975.

---

[*] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Philip S. Gidiere, Jr., Montgomery, Ala. (Court-appointed), for petitioner-appellant.

Kent Brunson, Eric A. Bowen, Asst. Attys. Gen., Montgomery, Ala., for respondent-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Bailey appeals the denial, without an evidentiary hearing, of his petition for habeas corpus. We vacate and remand.

A jury found appellant guilty of robbery and sentenced him to 60 years. He immediately gave notice of appeal but subsequently withdrew it on the alleged ground that his attorney had asked to be relieved and had stated that he could not win the appeal. The appeal was dismissed on March 28, 1973. On April 10, 1973, proceeding pro se, he applied unsuccessfully to the trial court for a writ of coram nobis. The denial of coram nobis relief was affirmed by the Ala-

bama Court of Criminal Appeals, and certiorari was subsequently denied by the Alabama Supreme Court.

In his habeas petition appellant alleges that: (1) he was illegally extradited to Alabama from Mississippi and prior to his extradition was held incommunicado for approximately 83 days without being taken before a judge; (2) his attorney was ineffective; (3) women and blacks were excluded from the jury venire (4) he was denied the right to subpoena his witnesses even though they were present in Alabama; (5) he was improperly identified by the use of unnecessarily suggestive pretrial identification procedures, as well as by an unnecessarily suggestive line-up at which he was not represented by counsel; (6) an unsworn statement of an F.B.I. agent that appellant admitted having committed the robbery was improperly introduced in evidence; and (7) he was sentenced on the same day as his conviction.

The lower court denied habeas relief, approving the recommendation of the Magistrate that appellant had exhausted state remedies via coram nobis on all of the grounds presented in his federal habeas petition but that he had deliberately by-passed his remedy of direct appeal.

The record makes out an arguable case that the claim of ineffectiveness of trial counsel, also appointed for the appeal, may have had a causal connection with the appeal being dismissed. Under the circumstances of the case the lower court erred in denying habeas relief without holding an evidentiary hearing on the issue of intentional by-pass. Essex v. Elliott, 5 Cir., 1972, 456 F.2d 1039; Bonaparte v. Smith, 5 Cir., 1971, 448 F.2d 385; Johnson v. Smith, 5 Cir., 1971, 449 F.2d 127; see Morris v. United States, 5 Cir., 1974, 503 F.2d 457.

Vacated and remanded.