507 F.2d 1229
 Ernest FREEMAN, Petitioner-Appellant,
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary,
Respondent-Appellee.
No. 74-3480 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc.,
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Feb. 12, 1975.
 
 Ernest Freeman, pro se.
 William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Barbara B. Rutledge, Asst. Atty. Gen., John Baker, Joseph Tosterud, Asst. Dist. Attys., New Orleans, La., for respondent-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before WISDOM, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Freeman, convicted of armed robbery in the Orleans Parish Criminal District Court, petitions for a writ of habeas corpus. As noted by the court below, the state court record reveals that Freeman personally appeared in court and withdrew his appeal at a time when counsel had already put it in motion. That record also contains Freeman's letter to his counsel stating that he had made up his mind about the appeal and decided to take his chances in prison.[1] The court below found that the record clearly reflects Freeman chose not to appeal, deliberately bypassing his appellate remedies in state court. It therefore declined to conduct an evidentiary hearing and dismissed his petition. Its opinion states, in pertinent part:
 
 
 2
 Where the record conclusively and unequivocally demonstrates that the accused made a conscious and intentional waiver of his right to a thorough and careful examination of his constitutional claim on direct appeal, the denial of federal habeas corpus relief is proper. Bowman v. Wainwright, 460 F.2d 1298 (5th Cir. 1972). A federal habeas corpus judge may, in his discretion, deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts and who, in so doing, has forfeited his state court remedies. Hairston v. Alabama, 465 F.2d 675 (5th Cir. 1972).
 
 
 3
 Where the record of a state trial reveals a deliberate bypass clearly and beyond doubt, an evidentiary hearing in the federal courts as to whether there was a deliberate bypass is not required. United States ex rel. Cruz v. La Vallee, 448 F.2d 671 (2d Cir. 1971), cert. den., 406 U.S. 958, 92 S.Ct. 2064, 32 L.Ed.2d 345 (1972).
 
 
 4
 This is a correct statement of the law.
 
 
 5
 Affirmed.
 
 
 
 [1]
 In his petition to our court, Freeman asserts he did not appeal because he 'was not aware of right to appeal.'