**Hiram B. BAILEY, Petitioner,**

v.

**Joseph A. OLIVER, et al., Respondents.**

**No. 81–7330.**

United States Court of Appeals, Eleventh Circuit.

Jan. 17, 1983.

---

Thomas H. Christopher, Kilpatrick & Cody, Atlanta, Ga., Court-appointed, for petitioner.

Helen P. Nelson, Elizabeth Ann Evans, Asst. Attys. Gen., Montgomery, Ala., for respondents.

Before RONEY and HATCHETT, Circuit Judges, and WISDOM,[*] Senior Circuit Judge.

RONEY, Circuit Judge:

This case involves a successive petition for habeas corpus relief. We affirm the district court's denial of relief. The petition is successive to prior petitions which were dismissed because of the prohibition against a deliberate bypass of state procedures.

After a jury convicted petitioner Bailey of armed robbery, Bailey's attorney informed him that he perceived no basis on which Bailey could appeal the conviction. Nonetheless, following his client's wishes, counsel filed a timely notice of appeal. On advice of a fellow inmate that the appropriate method to attack his conviction was to file a writ of error *coram nobis* in the state trial court, Bailey wrote to the trial judge that he did not consider his attorney capable of handling his appeal and that he wanted to drop the direct appeal in favor of *coram nobis.* This letter was referred to Bailey's trial counsel who had been appointed to represent Bailey on appeal. He replied: "I am in disagreement with you, as to my capability for handling your appeal, however, I will tell you quite frankly that I

feel incapable of winning an appeal from your conviction." The direct appeal was dismissed at Bailey's request.

Subsequently, Bailey filed a petition for writ of error *coram nobis* in the trial court. The petition alleged, among other things, that Bailey did not have effective assistance of counsel and that counsel did not have adequate time to prepare. In denying the petition, the state court discussed Bailey's failure to pursue his direct appeal, but did not specifically rely on the apparently intentional bypass. After an abortive attempt to obtain premature federal collateral relief, Bailey appealed the *coram nobis* denial to the Alabama Court of Criminal Appeals, which affirmed the denial of relief and denied a motion for rehearing. Bailey then unsuccessfully applied for certiorari with the Alabama Supreme Court.

Next Bailey filed a petition for writ of habeas corpus in federal district court. The petition alleged, among other bases for relief, ineffective assistance of counsel and denial of the opportunity to subpoena witnesses. Without holding an evidentiary hearing, the district court denied the petition on the ground that Bailey had deliberately bypassed his direct appeal. This Court vacated and remanded for an evidentiary hearing on the intentional bypass issue, reasoning that "[t]he record makes out an arguable case that the claim of ineffectiveness of trial counsel, also appointed for the appeal, may have had a causal connection with the appeal being dismissed." *Bailey v. Alabama,* 505 F.2d 1024, 1025 (5th Cir.1975).

On remand Bailey was represented at an evidentiary hearing by court-appointed counsel. The district court found that "it was the considered choice of the Petitioner to forego what appeared to be a futile appeal in order to pursue a method which he had been told by a fellow inmate would be more advantageous under the circumstances, *viz.,* petition for writ of error *cor-*

[*] Honorable John Minor Wisdom, U.S. Circuit Judge for the Fifth Circuit, sitting by designa-tion.

*am nobis."* Concluding that Bailey withdrew the appeal "deliberately for strategic and tactical reasons," the court denied the petition for writ of habeas corpus.

Bailey moved to proceed on appeal *in forma pauperis* which the district court denied as frivolous. This Court granted an application for certificate of probable cause and leave to appeal *in forma pauperis* for the limited purpose of securing a transcript of the evidentiary hearing. The certificate of probable cause and leave to appeal were subsequently denied by a judge of this Court, a three-judge panel upheld the denial, and the Court denied rehearing en banc. The United States Supreme Court then denied Bailey's petition for a writ of certiorari. *Bailey v. Alabama,* 429 U.S. 863, 97 S.Ct. 168, 50 L.Ed.2d 141 (1976). Bailey filed a second petition for writ of habeas corpus, which the district court denied in 1977 as a successive petition under 28 U.S.C.A. § 2244(b). One month later the district court denied a certificate of probable cause as frivolous, and the next month a judge of this Court denied a certificate of probable cause and leave to appeal *in forma pauperis.* Bailey did not appeal from that single judge order to a panel. *See* Fed.R.App.P. 27(c).

In 1980 Bailey filed his third petition for a writ of habeas corpus, again alleging ineffective assistance of counsel and denial of the right to subpoena witnesses in his behalf. Relying on 28 U.S.C.A. § 2244(b), the United States Magistrate concluded that the petition should not be entertained because all the asserted grounds for relief had been addressed in the 1975 evidentiary hearing. The district judge, based on that recommendation and an independent evaluation of the file, denied the petition, adopting the recommendation of the magistrate. Bailey then filed a notice of appeal and a motion to proceed *in forma pauperis.* These were denied by the district court as frivolous. A single judge of this Court, however, granted a certificate of probable cause and leave to appeal *in forma pauperis* and appointed counsel. It is this appeal that we are now deciding.

Historically, *res judicata* has been inapplicable in habeas corpus proceedings. *See Fay v. Noia,* 372 U.S. 391, 423, 83 S.Ct. 822, 840, 9 L.Ed.2d 837 (1963). In the interest of finality, however, guidelines have been developed under which district courts may decline to consider successive petitions. *See Potts v. Zant,* 638 F.2d 727, 738 (5th Cir. 1981). One such guideline for judicial discretion can be found in 28 U.S.C.A. § 2244(b), which authorizes a district court to refuse to entertain a state prisoner's petition for writ of habeas corpus if a prior petition predicated on the same grounds has already been denied "after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law," and if the ends of justice do not require the court to address the petition. The conditions of § 2244(b) have been met in the instant case. As noted above, the grounds alleged in the three petitions are the same. The first petition resulted in a hearing on the merits of a controlling issue of law: whether Bailey had deliberately bypassed state remedies by dismissing the direct appeal of his conviction. Absent a showing of cause and prejudice, the decision that Bailey had deliberately bypassed his state remedies foreclosed his federal collateral attack, *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and thus amounted to a dispositive ruling on the legal merits of the petition. *Bass v. Wainwright,* 675 F.2d 1204, 1206–07 (11th Cir.1982).

The only question remaining is whether the ends of justice require an adjudication on the merits of Bailey's third petition. The Supreme Court has provided guidance on this issue. In *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Court concluded that an applicant is entitled to a redetermination if the initial hearing was not full and fair, the law had changed, or the applicant justifiably failed to raise a crucial point. *Id.* at 16–17, 83 S.Ct. at 1077–78. The *Sanders* Court cautioned that its list is not exhaustive. *Id.* at 17, 83 S.Ct. at 1078. Both the Ninth Circuit and this Circuit have concluded that when denial of the earlier petition consti-

tuted plain error, the ends of justice mandate entertaining a successive petition. *Bass v. Wainwright,* 675 F.2d at 1207; *Cancino v. Craven,* 467 F.2d 1243, 1246 (9th Cir.1972). The burden is on petitioner to show that the ends of justice would be served by a redetermination. *Sanders v. United States,* 373 U.S. at 17, 83 S.Ct. at 1078. Bailey alleges none of the *Sanders* criteria. Instead he asserts the district court's ruling on deliberate bypass was clearly erroneous.

■ There appears to have been no plain error, or any error at all for that matter, in the district court's initial finding of a deliberate bypass. If a habeas petitioner deliberately bypasses his remedies in state court, federal courts need not entertain a collateral attack on his conviction as a matter of comity. *Fay v. Noia,* 372 U.S. 391, 437–38, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963). In *Fay,* the United States Supreme Court enunciated the deliberate bypass standard:

> If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate bypassing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing on the applicant's default. At all events we wish it clearly understood that the standard here put forth depends on the considered choice of the petitioner.

*Id.* at 439, 83 S.Ct. at 849 (citations omitted).

Petitioner contends that he sought dismissal of his direct appeal without knowing or understanding the consequences. To buttress this contention he points to his reliance on the advice of a fellow inmate that *coram nobis* was the appropriate method of attacking his conviction. He also finds support in the failure of appointed counsel to warn him that dismissal of the appeal would foreclose pursuit of his claims in federal court.

It does not appear the district court committed plain error in deciding that Bailey deliberately bypassed state procedures for perceived strategic or tactical reasons. The district court after an evidentiary hearing specifically found that Bailey made a "considered choice" to dismiss the appeal based on "an unjustified distrust of his lawyer and faith in the advice of another inmate." In other words, he consciously and intentionally waived his right to appeal. A purposeful choice not to challenge the admission of a confession as illegally extracted has been construed as a deliberate bypass of state procedures. *Bowman v. Wainwright,* 460 F.2d 1298, 1301–02 (5th Cir.1972). Petitioner in *Bowman* did not raise the legality of the confession because he was unwilling to bring his drunkenness to the attention of his family and friends. *Id.* at 1302. In *Freeman v. Henderson,* 507 F.2d 1229 (5th Cir.1975), this Court found deliberate bypass of state remedies where the habeas petitioner withdrew his appeal after counsel had already put it in motion. In that case the petitioner wrote his attorney that he would "take his chances in prison." *Id.* at 1229.

Petitioner contends that even if he did deliberately bypass his state remedy, the denial of his *coram nobis* petition should be presumed to be on the merits. The order, however, merely sets forth the steps that were taken in dismissing the direct appeal, the errors claimed in the petition, and the case history. The court then simply concluded the petition was "not well taken" and denied it. We cannot say the merits of petitioner's claims were reached on the basis of such an order.

Finally, petitioner has shown no manifest injustice requiring redress. Bailey, his son, and another individual were charged with the robbery in 1972 of the Handy Pantry Store in Opelika, Alabama. After he was arrested in Mississippi in 1973, Bailey was extradited and brought before the circuit

court for Lee County, Alabama, for arraignment on a Friday afternoon. The judge determined that Bailey could not afford an attorney and appointed one to represent him. Because that attorney was not present, another attorney, Michael I. Kent, volunteered to represent him at the arraignment. When it was learned later that afternoon that the attorney originally appointed to represent Bailey would not be available for trial, Kent was appointed to represent him at the proceeding set for Monday.

Over the weekend Kent examined the store premises and talked with a store employee who had been on duty at the time of the robbery. The employee informed him that Bailey and two other men had entered the store and that the other two men had taken the money while Bailey remained in the back of the store. She also told Kent that Bailey had come to the front of the store, had directed the customers to lie down on the floor, and then had fled with the other two men. Kent was unable to contact any other eyewitnesses, but the attorney for Bailey's son, who also allegedly participated in the robbery, confirmed the employee's statement.

Kent finally spoke to Bailey in his capacity as trial attorney on the morning of the trial. Bailey admitted that he had gone to the store with his son and the other robber and left with them after seeing them commit the robbery. He also informed Kent of his prior convictions for burglary, grand larceny, and petty larceny. Bailey told his defense attorney of one prospective out-of-state witness who would testify for him but did not tell him the witness' name or what his testimony would be. Kent's efforts to learn the facts and formulate a plausible defense were hampered by Bailey's insistence that his removal to Alabama was illegal.

Although Kent sought, without making a motion, a continuance of the trial, the jury was chosen Monday morning and trial began that afternoon. At Bailey's urging Kent challenged the identification of Bailey made from photographs. This strategy

proved fruitless when, much to Kent's surprise, two other eyewitnesses to the robbery testified they had known Bailey for 20 years and clearly identified him as one of the robbers. In addition, Kent introduced into evidence a written statement by Bailey denying participation in the robbery, yet acknowledging his presence in the store at the time of the robbery. A total of four eyewitnesses identified Bailey as a participant in the robbery. The jury returned a verdict of guilty, and Bailey received a sentence of 60 years imprisonment.

There is no question that Bailey not only was present at the scene of the robbery but also participated in the robbery and left the scene in the company of the robbers. Although Bailey contends Kent could have discovered favorable witnesses, the testimony he claims could have been elicited from these potential witnesses would not have refuted the facts established by the prosecution's witnesses. He claims only that they could have testified that they did not know he was planning a robbery and that he and his son argued after the robbery. Petitioner has failed to identify any helpful evidence that Kent could have uncovered through further investigation. Although the habeas corpus hearing did not reach the merits of the ineffective assistance of counsel claim, the district judge observed that Kent offered whatever defense was available to Bailey, considering the overwhelming case against him.

■ While all parties agree that a full hearing would be necessary to determine the ineffectiveness issue, we see no gross miscarriage of justice in this case. In the interest of finality of criminal proceedings, both the deliberate bypass rule and the successive petition rule preclude consideration of the merits of Bailey's petition.

AFFIRMED.