From a denial of appellant's petition for writ of habeas corpus, without an evidentiary hearing, this appeal follows. For the reasons outlined below, we remand this cause to the trial court, with instructions.
On September 4, 1984, the appellant filed a pro se petition for writ of habeas corpus alleging that he was denied due process of law in connection with a disciplinary hearing dated February 9, 1983.* The State filed a motion to dismiss, which alleged, in part, that the petition was a "successive petition" and was thus subject to dismissal under the authority of Baileyv. Oliver, 695 F.2d 1323 (11th Cir. 1983), cert. denied,461 U.S. 933, 103 S.Ct. 2099, 77 L.Ed.2d 307 (1983). By order dated September 24, 1984, the trial court dismissed the appellant's petition without an evidentiary hearing, and this appeal followed.
Since the State did not file any exhibits with its motion to dismiss, it is not apparent that appellant's petition would be considered a "successive petition." Other than the mere allegations contained in the State's motion to dismiss, there is nothing in the record to indicate that the issues presented by the present petition have been previously considered by either the trial court or the appellate courts. For these reasons, we remand this cause to the trial court, with instructions that the trial court either enter an order which sets out those issues previously decided adversely to the appellant (by virtue of petitions for writs of habeas corpus heretofore filed by this appellant), or conduct an evidentiary hearing on the appellant's petition and enter an order based upon testimony taken at that hearing. The trial court's order, as well as a transcript of the evidence presented (in the event that the trial court concludes that a hearing would be appropriate), should then be forwarded to this court for further consideration. Since we are remanding this matter to the trial court for further consideration, it is not necessary at this point to address the additional issues presented by the appellant.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
 ON RETURN TO REMAND
* In connection with this same disciplinary hearing, appellant also has a civil rights suit presently pending in federal court seeking injunctive relief, as well as compensatory and punitive damages. Whitehorn v. Harrelson, 758 F.2d 1416 (11th Cir. 1985). In his federal court case, appellant alleges that hiscontinued participation (as opposed to initial eligibility) in the Alabama work release program should be considered a constitutionally protected "liberty interest under the Due Process Clause."