**Charles Elmer NASH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21444.**

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1965.

Rehearing Denied March 19, 1965.

Charles Elmer Nash, Texarkana, Tex., for appellant.

Harry Lee Hudspeth, Asst. U. S. Atty., San Antonio, Tex., Ernest Morgan, U. S. Atty., for appellee.

Before GEWIN and BELL, Circuit Judges, and McRAE, District Judge.

---

GRIFFIN B. BELL, Circuit Judge:

Appellant was convicted on each count of a three count indictment charging, respectively, importation and concealment of heroin in violation of 21 U.S.C.A. § 174, and failure to register and pay the special tax in violation of 26 U.S.C.A. § 4724(c). He was sentenced on November 30, 1961, and no appeal was taken. He then brought the present proceeding under 28 U.S.C.A. § 2255 alleging that he had been subjected to compulsory self-incrimination in violation of the Fifth Amendment when he was forced to take an emetic that caused him to regurgitate heroin which he had previously swallowed, and which was then used as evidence against him. Compare Rochin v. People of California, 1951, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183. The District Court ruled against appellant on the merits, finding that there was no compulsory self-incrimination because as a matter of fact the emetic was taken voluntarily after appellant had been advised by a physician of the harm that could result to him.

In appealing from this judgment, appellant attempts to raise in this court the additional contentions that the heroin and an incriminating statement made to a government agent were inadmissible because they were obtained as a result of an illegal arrest and illegal detention, and by reason of an illegal search and seizure. All of these contentions including the self-incrimination question had been previously raised by appellant's counsel at the original trial and were overruled by the trial court.

■ We affirm the District Court's denial of relief without reaching the merits of any of appellant's contentions, and note that it was unnecessary for the District Court to consider the merits either. This is so because appellant has failed to meet the threshold prerequisite to relief under § 2255 of demonstrating that he has not waived his present contentions by deliberately failing to appeal from his original conviction.[1]

■ It has long been the law that habeas corpus and § 2255 will not be allowed to do service as an appeal, and that so far as federal prisoners are concerned, failure to appeal will normally bar resort to post-conviction relief. Sunal v. Large, 1947, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982. This rule, however, has never been an inflexible one, and has been relaxed in exceptional circumstances. See Sunal v. Large, supra, authorities cited at notes 6–8. Prior to the decision of the Supreme Court in Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, state prisoners who failed to appeal were similarly barred from collaterally attacking their convictions in the federal courts by the adequate and independent state ground doctrine. E. g., Daniels v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. However, Fay v. Noia held that a state prisoner would be barred only if his failure to appeal constituted a deliberate by-pass of state appellate remedies amounting to a waiver. The court stated:

"Although we hold that the jurisdiction of the federal courts on habeas corpus is not affected by procedural defaults incurred by the applicant during the state court proceedings, we recognize a limited discretion in the federal judge to deny relief to an applicant under certain circumstances. * * * We therefore hold that the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." (372 U.S. at 438, 83 S.Ct. at 848, 9 L.Ed.2d at 868–869.)

1. Since we take this view of the case, it it unnecessary to rule on the additional threshold question of whether the errors alleged here are of the sort properly cognizable in a § 2255 proceeding. In any event consideration of each of these threshold questions should normally precede consideration on the merits.

As to what would constitute a deliberate by-pass, the court stated:

"The classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 [1466, 146 A.L.R. 357]—'an intentional relinquishment or abandonment of a known right or privilege'—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forwent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits * * *." (372 U.S. at 439, 83 S.Ct. at 849, 9 L.Ed.2d at 869.)

And Johnson v. Zerbst, supra, which involved the denial of right to counsel, makes it plain that the burden of establishing the absence of waiver rests squarely on the prisoner:

"It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on *habeas corpus*. When collaterally attacked, the judgment of a court carriers with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of *habeas corpus*, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel."

(304 U.S. at 468–469, 58 S.Ct. at 1025, 82 L.Ed. at 1468–1469.)

Of course, the Supreme Court in Fay v. Noia was dealing with a state prisoner who failed to appeal and who was seeking relief by way of federal habeas corpus, whereas here we are presented with a federal prisoner who failed to appeal and who seeks relief under § 2255.[2] However, we see no persuasive reason why collateral attack should be more liberal for the state prisoner than for the federal prisoner. On the contrary, considerations of federalism and the policy against incursion by the federal courts on the sanctity of the judgments of another judicial system are not present in the instant case. Consequently, we hold that Fay v. Noia and Johnson v. Zerbst furnish the controlling standard in waiver situations for federal prisoners seeking post-conviction relief under § 2255.

Applying these principles to the present case, we find that the record is barren of any explanation or excuse as to why appellant failed to appeal from his original conviction. Appellant was represented by competent counsel who raised all of his present contentions at the original trial. Appellant had the burden in the court below of establishing the absence of a deliberate by-pass amounting to a waiver of federal appellate remedies. Since this burden has not been met, he is barred from relief under § 2255. Consequently, the judgment appealed from must be and it is

Affirmed.

McRAE, District Judge (specially concurring):

I concur in the result and generally with the reasoning of Judge Bell's learned opinion. I feel impelled, however, to enter a special concurrence on one point. One of the most troublesome questions in

---

**2.** Johnson v. Zerbst, supra, involved a federal prisoner seeking habeas corpus. However, the waiver doctrine there announced was applied to waiver of constitutional rights through failure to assert them rather than to waiver through procedural default such as failure to appeal.

Prior to Fay v. Noia, the Johnson v. Zerbst standard of waiver was apparently not applied to determine whether either federal or state prisoners had forfeited federal post-conviction relief through failure to appeal or other procedural reasons.

the fluid area of federal criminal law at the present time is: To what extent does the expanded constitutional protection given state prisoners under Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961), Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and related cases affect the rights of federal prisoners collaterally to attack their convictions in a Section 2255 proceeding? In my opinion, this is not a "threshold question" to be answered by the trial court in each case. This is a question of law which urgently needs the attention of the appellate court, and once such court gives its interpretation, the question ceases to be open for the trial court's consideration.

Perhaps Judge Bell is correct in his view that the question of "whether the errors alleged here are of the sort properly cognizable in a § 2255 proceeding" is not squarely presented in this case, but it is my view that logically we should first answer the question of whether the petitioner has any rights before we decide whether such rights have been waived.

In my opinion, Judge Bell has correctly expressed the standard which would apply in these cases when he states:

> "However, we see no persuasive reason why collateral attack should be more liberal for the state prisoner than for the federal prisoner. On the contrary, considerations of federalism and the policy against incursion by the federal courts on the sanctity of the judgments of another judicial system are not present in the instant case. Consequently, we hold that Fay v. Noia and Johnson v. Zerbst furnish the controlling standard in waiver situations for federal prisoners seeking post conviction relief under § 2255".

Having this view of the case, I would strike footnote (1) and thus answer the more pressing constitutional question.

On Petition for Rehearing

Before GEWIN and BELL, Circuit Judges and McRAE, District Judge.

PER CURIAM:

The motion of appellant for appointment of counsel to represent him on motion for rehearing is denied. Treating appellant's letter of February 28, 1965 to the Clerk as a motion for rehearing, it is also denied; without prejudice however to the institution of a proceeding under Title 28 U.S.C.A. § 2255 in the District Court on the questions suggested for the first time in this Court, and on the question of waiver.