Albert **FUENTES**, Jr., and Edward J. Montez, Petitioners-Appellants,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 71–2552

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1972.

Rehearing Denied March 17, 1972.

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

Albert Fuentes, Jr., pro se.

Edward J. Montez, pro se.

Seagal V. Wheatley, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying motions to vacate judgments and sentences filed pursuant to 28 U.S.C.A. § 2255. We reverse and remand for further proceedings.

Appellants, Albert Fuentes, Jr. and Edward J. Montez, were tried and convicted of conspiracy to bribe and bribery, in violation of 18 U.S.C.A. §§ 201(c) and 371, and sentenced to five years imprisonment. Their convictions were affirmed by the Fifth Circuit on direct appeal, United States v. Fuentes, 5 Cir. 1970, 432 F.2d 405, and the Supreme Court subsequently denied certiorari, 1971, 401 U.S. 919, 91 S.Ct. 904, 27 L.Ed.2d 822. The appellants thereafter sought post-conviction relief in the court below, alleging (1) that the prosecuting attorney's jury argument was highly prejudicial, and (2) that during the course of their trial the government intentionally withheld evidence favorable to the appellants. The district court concluded, solely upon the basis of the pleadings and the briefs, that the appellants' claims were without merit. We agree with this assessment concerning the appellants' first claim. However, absent findings of fact and conclusions of law, we are unable to review the disposition of appellants' second claim.

 The appellants' contention regarding the prosecuting attorney's jury argument was raised by them and acted upon by this court during the course of their direct appeal. Therefore this contention is deemed frivolous. *See* Smith v. United States, 5 Cir. 1970, 420 F.2d 690. However, the second contention of the appellants was raised for the first time below, and the district court failed to follow the proper procedure in disposing of it. Section 2255 specifically requires a district judge to make findings of fact and conclusions of law with respect to a Section 2255 motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, . . ." 28 U.S.C.A. § 2255. The trial judge did not determine that the files and records of this case conclusively showed that the appellants were entitled to no relief on the basis of their second claim. Indeed, there is no indication that he ever examined anything other than the pleadings and the briefs filed by the parties, and these certainly do not disclose that the government did not withhold evidence favorable to the appellants. Accordingly, we must remand this case to the district court in order that the trial judge may consider the appellants' second contention in light of the dictates of Section 2255.

Reversed and remanded.