**Allen BROWN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–1174**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

June 19, 1972.

---

[*] [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**682**

Allen Brown, pro se.

John W. Stokes, Jr., U. S. Atty., E. Ray Taylor, Jr., Atlanta, Ga., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Allen Brown appeals from the denial without hearing of his motion under Title 28, U.S.C., Section 2255, to vacate and set aside his concurrent confinement sentences of two years [1] after conviction [2] by jury trial of two violations of the Dyer Act, Title 18, U.S.C., Section 2312.

The Section 2255 motion to vacate, in addition to attempting to raise grounds already disposed of on appeal, was based upon an allegation that one of the government witnesses at appellant's trial gave information to a juror which improperly influenced the jury's deliberations. The motion was denied below without a hearing but after response by the U. S. Attorney to a Rule to Show Cause.

By an affidavit attached to the government Response to Rule to Show Cause, Brown's trial counsel, James Robbins, stated that he and the appellant reached a conscious deliberate decision not to raise the jury influence matter because the juror who volunteered the information refused to sign an affidavit, The attorney's affidavit further averred that Brown then chose to seek a reduction of sentence, which was granted, Footnote 1, supra, rather than to try to have his sentence vacated.

The trial judge held that the jury contamination issue was effectively waived and could not now be raised, basing his holding on the attorney's affidavit. The issue was held to be waived by failure to raise it on direct appeal and again by the decision to seek a reduced sentence. The trial judge applied to this situation the principle that failure to appeal bars a post-conviction motion to vacate if the record indicates a conscious election not to appeal. Larson v. United States, 5 Cir. 1960, 275 F.2d 673; Arthur

---

1. The initial sentence was to four years confinement for each offense, the sentences to run concurrently. Motion to reduce sentence under Rule 35 F.R.Crim. P., was thereafter granted and the sentences were reduced to two years each to be served concurrently.

2. We affirmed the conviction on direct appeal, United States v. Brown, 5 Cir. 1970, 425 F.2d 728.

v. United States, 5 Cir. 1956, 230 F.2d 666. This Court held in *Larson* that failure to appeal, like failure to raise a known constitutional right is a bar to Section 2255 and post-conviction habeas corpus relief, where a deliberate choice not to appeal is made by conscious election. We said in *Larson* "the orderly administration of justice requires that even a criminal case some day comes to an end".[3]

 The principles relied on by the court below were unassailable. But examination of the record convinces us that the case was not ripe for their application, and that vacation and remand of his order for an evidentiary hearing and appropriate findings is required.

The show cause order was issued June 7, 1971, returnable within 20 days. By order dated July 12, 1971, and filed in the Clerk's Office July 26, 1971, the trial judge extended the government's time for filing its Response to August 2, 1971. The Response was filed with the Clerk August 5, 1971. Appended to it was the rubber stamp certificate dated August 4, 1971, of an Assistant United States Attorney that he had served *"counsel for the opposing party in the foregoing matter"* with a copy by mailing. The appellant Brown was then and at all times thereafter proceeding below *pro se.* He was confined as a federal prisoner at the United States Penitentiary, Atlanta, Georgia, during the late summer of 1971, although his original petition was mailed May 18, 1971, from the Federal Correctional Institution,

Sandstone, Minnesota. The date of his transfer is not apparent from the record before us.

On September 9, 1971, Brown filed with the district court his "Motion for Default Judgment" for the government's failure to respond and comply with the July 12, 1971, extension order.

Taking note that "[T]he respondent has filed a response and the *petitioner has not filed a traverse*" the court below by order filed September 16, 1971, denied the motion for default and proceeded to dispose of the 2255 motion adversely to Brown on the grounds set forth earlier, "[I]n the light of these principles, and upon examining the record, especially the affidavit of James A. Robbins, Jr.". Robbins was Brown's trial counsel.

The petitioner sought review of this order by a paper dated November 9, 1971, stamped *"Received"* by the Clerk's Office November 12, 1971, and *"Filed"* in the Clerk's Office, December 3, 1971, entitled "Motion for Rehearing of Civil Action No. 2322". This document included a detailed, almost line-for-line, denial of Mr. Robbins' affidavit and an offer to prove otherwise if allowed to produce witnesses. *It was sworn to by Brown before a Notary Public.* It also denied receipt of the government's Response.

The lower court on December 22, 1971, disposed of this development by the one-page order copied in the margin in its entirety.[4]

3. Cf. Randall v. United States, 5 Cir. 1972, 454 F.2d 1132, 1133; Kaufman v. United States, 1969, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227.

4. UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
ALLEN BROWN
VERSUS
UNITED STATES OF AMERICA
CIVIL ACTION NO. 2322
ORDER
By order dated September 14, 1971 this court denied the petitioner's motion to vacate judgment. Resting on the affidavit

of James A. Robbins, Jr., counsel who represented the petitioner at the trial, this court held that the petitioner was fully advised of the possibility of moving to vacate shortly after the alleged prejudicial contact with jury occurred. However the petitioner elected to proceed with his appeal.

At the time the prior order was entered, the petitioner had not filed a traverse. Since that time a traverse has been filed alleging that the affidavit of Mr. Robbins contains untrue statements, and that the petitioner did not make a conscious choice to pursue his appeal and

The command of Title 28, U.S.C., Section 2255 is plain and unequivocal:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

 It was not met by the trial judge here. The statute says nothing about traversing a response nor does it approve trying the issues by affidavits, opposed or unopposed. The trial judge is to grant a prompt hearing on the petition "unless the *motion* and the files and records of the case *conclusively* show that the prisoner is entitled to no relief". The original sworn motion/petition, read against the government Response, raised serious and contested constitutional issues. If because of some undisclosed local district rule [5] a "traverse" of the Response was deemed necessary, the *pro se* Motion for Rehearing was recognized by the December 22 order as a traverse of the Response. If affidavits rather than pleadings were required to make factual issues, the Motion for Rehearing was factual (as well as argumentative) in content, was verified by Brown's affidavit and thus in and of itself should have satisfied the supposed "affidavit" requirement to the extent of balancing the Robbins affidavit and necessitating a hearing. We find it difficult to understand that the trial judge should put this prison inmate in default for failure to attach "affidavit or other evidence" in

support of the Motion for Rehearing, or "traverse" as it came to be in the shuffle.

Upon remand, the trial court is directed to grant prompt hearing on the issues raised and make findings of fact thereon. When that is done, the propriety of applying *Larson* (supra) standards to the 2255 Motion to Vacate will be ripe for his consideration.

Vacated and remanded.

So ordered this the 22 day of December, 1971.

ALBERT J. HENDERSON, JR.
Judge, United States District Court
for the Northern District of Georgia

---

waive the possibility of filing a motion to vacate judgment.

The traverse is not supported by affidavit or other evidence. It is simply the petitioner's allegation that the statements of Mr. Robbins, submitted by affidavit, are untrue.

Accordingly, this court must still rely on the affidavit of Mr. Robbins and hold that the September 14, 1971, order of this court, denying the petitioner's motion to vacate, remains in effect.

5. A nullity of course if and to the extent that it purported to contravene the requirements of the controlling statute, Title 28, U.S.C., Section 2255.