**Richard MONTGOMERY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72–2346

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 31, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

Harry Lee Dodd, Marion, Ill., for petitioner-appellant.

William S. Sessions, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Without holding an evidentiary hearing, the district court denied Richard Montgomery's motion under 28 U.S.C.A. § 2255 to vacate his conviction and sentence and he appeals. Because the affidavits and counter affidavits filed in this cause appear to establish a bona fide controversy, we vacate and remand.

Montgomery was convicted of armed bank robbery, a violation of 18 U.S.C. § 2113(d), upon trial by jury. He now contends that his two court-appointed counsel failed to advise him of his right to take a direct appeal. He further contends that: (1) his confession, which was admitted in evidence, was involuntary and was taken without advising him of his rights; (2) evidence which was unlawfully seized was introduced at his trial; (3) he was incompetent to stand trial due to being under the influence of drugs provided to him by a fellow-prisoner; (4) his waiver of indictment was quashed when his guilty plea was set aside, and thus he should not have been tried on an information; (5) in closing argument, Government counsel improperly commented on his prior convictions and on his failure to testify at the trial; (6) his previous § 2255 motions were improperly denied due to unavailability of his trial transcript, which has been wrongfully denied him; and (7) his court-appointed counsel rendered ineffective assistance at trial as well as in failing to appeal.

Montgomery's trial counsel filed affidavits stating that the appellant was advised of his rights but said he was satisfied with his sentence and did not wish to appeal. They also denied his contentions of drug incapacity during trial. Montgomery swore to his motion, which contains contrary assertions, and

filed affidavits of two of his fellow-prisoners, one of whom avers that he heard counsel tell Montgomery that they would file a notice of appeal for him, but would not perfect the appeal on court appointment. The other states that he heard Montgomery advise counsel that he wanted the case appealed. These prisoners similarly controverted the attorney's affidavits relative to drug abuse. The district court denied all relief without conducting an evidentiary hearing.

■ In a recent case this court held that contested fact issues in § 2255 cases must be decided on the basis of an evidentiary hearing, not affidavits. Brown v. United States, 462 F.2d 681 (5th Cir. 1972); *accord,* Powers v. United States, 446 F.2d 22 (5th Cir. 1971); Martin v. United States, 447 F.2d 985 (5th Cir. 1971). While such controversies must be *bona fide,* Tillis v. United States, 449 F.2d 224 (5th Cir. 1971), the appellant's paper contentions are not so lacking in good faith as to come within this exception. Therefore an evidentiary hearing is required to resolve these issues.[1]

■ Citing this court's decision in Nash v. United States, 342 F.2d 366 (5th Cir. 1965), the district court held that Montgomery's failure to take a direct appeal foreclosed consideration of his contentions as to illegal confession, improper jury argument, and entitlement to the transcript. Our statement in *Nash* that "so far as federal prisoners are concerned, failure to appeal will normally bar resort to post-conviction relief", 342 F.2d at 367, was disapproved by the Supreme Court in Kaufman v. United States, 394 U.S. 217, 223 n. 7, 89 S.Ct. 1068, 1072, 22 L.Ed.2d 227 (1969). In that case the Supreme Court held that post-conviction relief for *constitutional* claims concerning federal convictions and sentences can be raised by § 2255 motion, and are not barred by showing only that the prisoner did not take a direct appeal.

■ However, *Kaufman* further held that in § 2255 cases, as in state-prisoner habeas cases, "the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately by-passed the orderly federal procedures provided at or before trial and by way of appeal—*e. g.,* motion to suppress under Fed.Rule Crim.Proc. 41(e) or appeal under Fed.Rule App.Proc. 4(b)", 394 U.S. at 227, n. 8, 89 S.Ct. at 1075, n. 8. Nash v. United States, *supra,* which contained the statement Kaufman disapproved, was based upon a finding of deliberate bypass. The same judge who tried *Nash* tried the case at bar. It may well be that his reference to *Nash* was to show that he considered deliberate bypass of the appellate remedy to be the basis for denial of relief here. His opinion does not make this finding and if it had, it would necessarily be based upon what this court now holds to be an insufficient evidentiary development. Thus, the evidentiary hearing by the lower court should also cover the issue of whether Montgomery deliberately and intentionally bypassed his appellate remedy, Bonaparte v. Smith, 448 F.2d 385 (5th Cir. 1971); Johnson v. Smith, 449 F.2d 127 (5th Cir. 1971), and the burden of proving that a remedy was not deliberately by-passed is on the petitioner. Bonaparte v. Smith, *supra.* While these cases involved state habeas applicants, their holdings relative to the bypass doctrine are equally applicable to § 2255 applicants under *Kaufman.*

The district court denied relief on Montgomery's claim of illegally seized evidence on grounds that the same contention had been presented and rejected in his previous § 2255 motions. The earlier rulings, however, were based on the rationale that relief was barred because Montgomery had failed to take a direct appeal. *Kaufman* requires we set

---

1. The district court concluded Montgomery's claim that he was incapable of defending himself at trial due to self-administered drugs was without merit because any such incapacity was voluntarily induced. In view of our remand for an evidentiary hearing on the existence of this condition, we do not reach the merits of that ruling on this appeal.

aside this ruling of the district court as well.

Finally, the district court held that appellant's waiver of indictment, which he signed on December 15, 1965, justified his prosecution by information rather than by indictment. This holding, however, does not speak to Montgomery's full contention as we read it: he appears to contend that the judge who presided at the trial had quashed and set aside this waiver in open court at the time he allowed Montgomery to withdraw his guilty plea, and that Montgomery subsequently refused to sign another waiver form proffered by the United States Attorney. Since an evidentiary hearing must be conducted on the other issues discussed, we direct that appellant be allowed to adduce evidence on this contention as well.

The order of the district court denying § 2255 relief is vacated, and the cause is remanded with directions to hold an evidentiary hearing as required by *Brown*, and for further proceedings consistent with this opinion.

Vacated and remanded, with directions.