**Allen BROWN, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 73–1125.**

United States Court of Appeals,
Fifth Circuit.

June 29, 1973.

Charles D. Flinn, Jr., Rome, Ga. (Court-Appointed), for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

THORNBERRY, Circuit Judge:

This second appeal from the denial of a federal prisoner's motion to vacate his sentence under 28 U.S.C. § 2255, presents the question whether appellant waived his rights to file the motion by failing to raise certain allegations on direct appeal from his conviction and by later deciding to seek a reduction of his sentence. On an earlier appeal from a summary denial of appellant's motion, a

panel of this court remanded the case to the court below for an evidentiary hearing on the question of waiver. Brown v. United States, 5th Cir. 1972, 462 F.2d 681. Following a comprehensive hearing, that court denied the motion for a second time, entering a memorandum order holding that appellant had waived his right to file a Section 2255 motion by consciously electing to seek a reduction in his sentence. Although the fact findings made below are unimpeachable, we differ with the court below as to the legal conclusions to be drawn from those facts, and accordingly reverse the judgment and direct the district court to conduct an evidentiary hearing on the merits of appellant's Section 2255 claim.

On October 22, 1969, appellant was convicted by a jury and sentenced to two concurrent four-year terms for two violations of the Dyer Act, 18 U.S.C. § 2312. On the evening after his trial, one of the jurors in his case, a Mrs. Corneeley, informed appellant's trial counsel, James A. Robbins, that another juror had discussed matters outside the record with a Government witness during a recess in the jury's deliberations. The next morning Robbins relayed this information to the trial judge, who suggested that Robbins file a motion and supporting affidavits alleging misconduct affecting the jury. Robbins prepared the motion, but Mrs. Corneeley refused to sign an affidavit or to cooperate in any other fashion.

In the meantime, appellant had been taken from Georgia to Louisiana to face other charges there. He first learned of the possibility of juror misconduct several days after his trial when he telephoned Robbins from Louisiana about an unrelated matter. During this conversation, Robbins told appellant that Mrs. Corneeley had refused to cooperate, and that they could proceed with the direct appeal of appellant's conviction without waiving appellant's right to collaterally attack his conviction on the ground of misconduct affecting the jury.

On direct appeal, Robbins did not raise the question as to the alleged communication between juror and witness. Appellant's conviction was affirmed on May 1, 1970, United States v. Brown, 5th Cir. 1970, 425 F.2d 728; and on May 6, 1970, Robbins visited appellant in the Atlanta Federal Penitentiary to tell him of the outcome of the appeal and to discuss the future of his case with him.[1] At this meeting, Robbins told appellant that three alternatives were open to him: (1) seek review of the conviction in the Supreme Court, (2) seek to vacate the conviction because of alleged juror misconduct, or (3) seek to reduce appellant's sentence. Robbins pointed out to appellant that obtaining a reversal and right to retrial in the Supreme Court might be an empty victory, because a crucial defense witness, Huff, had told Robbins that he would not be available to testify in a subsequent trial of appellant. As to the second alternative, Robbins predicted that Mrs. Corneeley would continue her refusal to freely testify concerning her allegation of juror misconduct, and that appellant would probably have to compel her testimony. Finally, Robbins told appellant of courthouse gossip to the effect that the trial judge was contemplating a reduction in his sentence. The court below found—and substantial evidence supports the finding—that appellant knowingly and intelligently chose to seek a reduced sentence. In June 1970 appellant himself sent the trial judge a letter requesting such a reduction, and in July Robbins filed a motion to reduce the sentence.

---

1. After the telephone call in October 1969, it is unclear whether Robbins and appellant again discussed the case until the May 6 meeting. At the hearing below, Robbins testified that he "thought" that he and appellant had talked at some time during the interim, but that he was not certain that another conversation had taken place. Appellant, on the other hand, testified unequivocally that there were no contacts between him and Robbins between the time of the October 1969 telephone call and the May 6 visit at the penitentiary.

Before either of these motions reached him, however, the trial judge had independently resolved to reduce appellant's sentence to two concurrent two-year terms, in order to conform the sentence to those assessed against appellant's two co-defendants. An order reducing the sentence to two concurrent two-year terms had been entered on June 15, 1970, but for some reason neither appellant nor Robbins had been informed of this action. Upon learning of the reduction in sentence, Robbins formally withdrew his motion to reduce appellant's sentence.

■ In arguing that appellant waived his right to file a Section 2255 motion alleging misconduct affecting the jury, the Government directs our attention to two distinct events. The first is appellant's taking a direct appeal from his conviction without asserting possible juror misconduct. It is hornbook law that a Section 2255 motion is not a "substitute for appeal." *E. g.*, Larson v. United States, 5th Cir. 1960, 275 F.2d 673. Section 2255 affords to federal prisoners a means of collaterally attacking convictions and sentences, and was not intended to provide a vehicle for obtaining review of ordinary trial errors that can and should be raised on appeal. 2 Wright, Federal Practice & Procedure (Criminal) § 595. Accordingly, if a prisoner consciously and deliberately fails to raise such an allegation on direct appeal from his conviction, he is held to have waived his right to file a Section 2255 motion raising that allegation. *Larson, supra.*

■ Appellant's allegation of misconduct affecting the jury, however, could not have been raised on direct appeal. When his appellate brief was filed, the predicate for appellate review of the contention—a recorded event, a timely objection, and a ruling by the trial court—was nonexistent. The necessary development of facts independent of the trial transcript had been obstructed by Mrs. Corneeley's refusal to cooperate with appellant's counsel. At the time the direct appeal was taken, there was, in short, nothing to appeal from, in regard to the juror misconduct question. We agree with the court below, that, at least until the May 1970 meeting at the Atlanta Federal Penitentiary, "the possibility of asserting a jury tampering charge had not been abandoned." Accordingly, we hold that appellant did not waive his right to file a Section 2255 motion by appealing his conviction without asserting possible juror misconduct.

■ The court below, however, concluded that appellant waived his right to file a Section 2255 motion by "consciously electing" to seek a reduction in sentence, after the discussion with Robbins at the Atlanta Federal Penitentiary in May 1970. The record clearly indicates that appellant's decision to seek a reduction in sentence was knowing and voluntary. Whether that decision was a true *waiver* of his right to file a later section 2255 motion, however, is another question. The concept of waiver or election necessarily implies the adoption of a course of conduct that is inconsistent with other courses of conduct available to an individual; the question is therefore whether a decision to seek a reduced sentence is inconsistent with a later decision to move for vacation of the conviction.[2]

2. It is impossible to ascertain from the record before us whether the motions for reduction filed both by appellant himself and by Robbins on his behalf, were made pursuant to 28 U.S.C. § 2255, or were filed under Rule 35, F.R.Crim.P. In all likelihood, however, the trial judge would have treated them as Rule 35 motions, because the basis for the motions—and the trial judge's own reason for reducing the sentence *sua sponte*—was merely the inconsistency between appellant's sentence and those of his co-defendants, who had been more deeply involved in the Dyer Act violations than had appellant. In seeking to reduce a sentence that, like appellant's, was within the maximum prescribed by law, such a purely equitable ground would not have been cognizable under Section 2255. See Cassidy v. United States, E.D.Mo. 1969, 304 F.Supp. 864

We find no inconsistency between a motion to reduce sentence and a later collateral attack on the conviction pursuant to Section 2255, which, by the terms of the statute, "may be made at any time."[3] The motions to reduce the sentence were merely pleas for leniency; the validity of the underlying conviction and, indeed, of the sentence itself was not and could not be put in issue by such motions. 2 Wright, Federal Practice & Procedure (Criminal) §§ 583, 585. On the other hand, a motion to vacate pursuant to Section 2255 is "an independent and collateral inquiry into the validity of the conviction." United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). Such a motion is not a step in a criminal prosecution. It is civil in nature, and is governed by the rules and statutes applicable to civil actions. *See* 2 Wright, Federal Practice & Procedure (Criminal) § 590.

Moreover, it is important to recall that neither of the motions to reduce sentence filed on appellant's behalf had any effect on his case. The record establishes beyond dispute that the trial judge reduced appellant's sentence *sua sponte,* before considering either of the motions. The situation is no different than it would have been if appellant and Robbins had failed to carry out their decision to seek a reduced sentence.

Under these circumstances, we hold that appellant did not waive his right to file a Section 2255 motion by deliberately choosing to seek a reduced sentence. Accordingly, we reverse the judgment below and remand for an evidentiary hearing on appellant's allegation of misconduct affecting the jury.

---

3. This is of course subject to the condition that a Section 2255 motion may not encompass allegations that should have been raised on direct appeal. See *Larson, supra,* and accompanying text.