Richard Henry BRYAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72-2127

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 6, 1973.

Rehearing En Banc Granted Aug 31, 1973.

Richard Henry Bryan, pro se.

H. M. Ray, U. S. Atty., Alfred E. Moreton, III, Oxford, Miss., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

This is a *pro se* appeal from the denial of a motion filed under 28 U.S.C. § 2255. The motion sought to vacate judgments of conviction for armed robbery of a federally insured bank and for escaping from federal custody while awaiting trial on the bank robbery charges. In 1968 petitioner-appellant, Richard Henry Bryan, was convicted on both charges, by a jury verdict on the bank robbery charge and by a plea of guilty on the escape charge, and his convictions were affirmed on direct appeal to this Court. United States v. Ballard, 5 Cir. 1970, 423 F.2d 127. Petitioner subsequently filed the instant § 2255 motion, by which he raises no less than twenty allegations of error regarding the trial at which he was convicted. Adopting the recommendations of the United States Magistrate, the District Court denied relief without having conducted an evidentiary hearing. We have studied the record adduced below, and being convinced that nineteen of these allegations are utterly without legal merit, we affirm without written opinion the denial of relief on these points. *See* Local Rule 21.[1] As to the one re-

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

1. *See* NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

maining allegation, however, we find that petitioner has alleged facts that, if true, would entitle him to relief, and we must therefore remand that issue for further proceedings.

 Petitioner's one meritorious point on appeal is that he is entitled to an evidentiary hearing on its question of whether a "plea bargain"—pursuant to which petitioner would plead guilty to the escape charge in return for a sentence that would be *concurrent* with his bank robbery sentence—was actually entered into and was then broken after he pled guilty. Although Rule 11, F.R. Crim.P., was fully complied with at the time the guilty plea to the escape charge was entered, petitioner now alleges that the following bargain existed and was breached:

"Mr. Thomas [a defense lawyer] spoke up then and said that he (Mr. Thomas) and [two other defense lawyers] had made a deal with the judge and the U. S. Attorney. Mr. Thomas said this was the deal. If me and James Edward Neal would plead guilty to the escape charge, then the judge and U. S. Attorney would not make Ballard plead to the escape charge because Ballard was so young. (The record will show that Ballard did not plead to the escape charge and that Ballard was given a continuance.) Mr. Thomas also said that part of the deal was that me and Neal would not be sentenced until after we had been tried on the bank robbery charge and that if me and Neal were convicted on the bank robbery charge then the judge would run our escape sentences concurrently with our bank robbery sentence. (The judge kept his word about Neal as the record will show that Neal was sentenced to three (3) years on the escape charge, said three (3) years to run concurrently with Neal's bank robbery time which was fifteen (15) years. The judge, U. S. Attorney, and Mr. Thomas did not

keep their word about my sentence on the escape charge.) (I was given 2 years *consecutively* with my twenty-two (22) years for the bank robbery conviction.) . ˙. . Mr. Thomas explained to all of us that we could not go into the court room and say that a deal had been made between our attorneys and the judge and U. S. Attorney, so when me and Neal went into the court room, we did like Mr. Thomas said do, we said there had been no deal or promises or anything."

If it is true, as a factual matter, that petitioner's guilty plea to the escape charge was induced by a plea bargain that was subsequently broken, he will clearly be entitled to relief. Accordingly, a hearing must be held to develop the facts further concerning the alleged bargain. *See* Fontaine v. United States, 1973, 411 U.S. 213, 93 S.Ct. 1461, 36 L. Ed.2d 169.

 The government acknowledges that under certain circumstances a plea of guilty may be collaterally attacked as having been rendered involuntary by prosecutorial promises:

"A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack."

Machibroda v. United States, 1962, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed. 2d 473, 478. Citing United States v. Frontero, 5 Cir. 1971, 452 F.2d 406, the government nevertheless contends that if Rule 11 was fully complied with at the time the guilty plea was entered, the plea may not later be challenged. That argument was only recently before the Supreme Court, which rejected such an inflexible position in Fontaine v. United States, *supra*. We think it clear that *Machibroda, Fontaine,* and the cases hereinafter discussed establish that formalistic recitations in the record that indicate the plea was "voluntary" cannot

prevent the person convicted from later challenging the character of the plea, and we hold that petitioner's in-court denial of the existence of a bargain does not prevent him from complaining that a bargain existed and was later broken.

Santobello v. New York, 1971, 404 U. S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, firmly establishes that if a plea bargain induced a guilty plea and the government's promise to take some course of action in return is not fulfilled, the person convicted is entitled to relief:

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

404 U.S. at 262, 92 S.Ct. at 499, 30 L. Ed.2d at 433. James v. Smith, 5 Cir. 1972, 455 F.2d 502, Johnson v. Beto, 5 Cir. 1972, 466 F.2d 478, and United States v. Ewing, 5 Cir. 1973, 480 F.2d 1141 (slip op. no. 73–3622, 1973), are all post-Santobello cases that apply this principle, and there can be little doubt today that one who pleads guilty in exchange for a promise by the court or prosecutor to take some course of action or to refrain from taking some course of action is entitled to relief if that bargain is later broken.

Since it is clear that relief is warranted if a bargain was made but not honored, petitioner must be allowed to show whether such a bargain was in fact made. Section 2255 specifically requires a District Court to conduct an evidentiary hearing and to make findings of fact and conclusions of law with respect to a § 2255 motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See Montgomery v. United States, 5 Cir. 1972, 469 F.2d 148; Brown v. United States, 5 Cir. 1972, 462 F.2d 681; Fuentes v. United States, 5 Cir. 1972, 455 F.2d 910. We do not see how an examination of the files and records can possibly show that no off-the-record bargain had been entered into. When the petitioner alleges that (1) his guilty plea, and (2) his remarks affirming the totally voluntary character of the plea (including his disavowal of having received any promises from anyone) constituted his part of the agreement, he must be afforded an opportunity to prove whether the bargain was in fact made.

■■ On the matter of what relief would be appropriate if petitioner shows the facts he alleges, we can do no better than quote the words of Santobello:

"The ultimate relief to which petitioner is entitled we leave to the discretion of the [trial] court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced before a different judge, or whether, in the view of the [trial] court, the circumstances require granting [petitioner] . . . the opportunity to withdraw his plea of guilty."

404 U.S. at 263, 92 S.Ct. at 499, 30 L. Ed.2d at 433. As to the question of whether the facts existed as petitioner alleges, we remand for an evidentiary hearing on this point alone. Petitioner having alleged that the trial judge was a party to the bargain, we direct that the hearing be held before a different judge, which we require "both for the judge's sake and the appearance of justice. Mawson v. United States, 1 Cir. 1972, 463 F.2d 29, 31." United States v. Ewing, 5 Cir. 1973, 480 F.2d 1141 (slip op. no. 72–3622, 1973).

Affirmed in part, reversed and remanded in part.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc.

It is ordered that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.