Gary Mark BOOTH, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 74–3513
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1975.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Gary Mark Booth, pro se.

Frank McCown, U. S. Atty., William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

The appellant Booth appeals from an order of the United States District Court denying his 28 U.S.C. § 2255 motion without an evidentiary hearing. We affirm.

The appellant was convicted of conspiracy to transport stolen goods, 18 U.S.C. § 371, and interstate transportation of stolen goods, 18 U.S.C. § 2314. At his trial he was represented by retained counsel. An appeal was perfected, oral argument was heard and while the matter was under submission in this court the appellant dismissed his retained counsel and filed a pro se motion to withdraw his appeal. The panel of this court which had the matter under consideration granted the motion to withdraw and dismissed the appeal. Thereafter, appellant's counsel moved for a rehearing on the order granting permission to withdraw the appeal, which was denied. Subsequently, appellant filed a motion to vacate withdrawal of appeal and to reinstate the appeal. That motion was also denied.

Appellant then filed a 28 U.S.C. § 2255 motion in the district court contending that the dismissal of his appeal was not voluntary. After reviewing the record, the district court denied the petition without an evidentiary hearing. While we agree that bona fide factual issues in § 2255 cases must be resolved on the basis of an evidentiary hearing, Montgomery v. United States, 469 F.2d 148 (5th Cir. 1972), we hold that in view of all of the circumstances of this case the petitioner is not entitled to an evidentiary hearing on his motion and that the order of dismissal by the district court should be affirmed.

Judgment affirmed.