**UNITED STATES of America,
Respondent–Appellee,**

v.

**Richard MONTGOMERY,
Petitioner–Appellant.**

**No. 80–1334
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Oct. 16, 1980.

Richard Montgomery, pro se.

LeRoy Morgan Jahn, Arthur D. Porcella, Asst. U. S. Attys., San Antonio, Tex., for respondent–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Petitioner, Richard Montgomery, presently serving a sentence for bank robbery in violation of 18 U.S.C. § 2113(d), appeals District Court's denial of his § 2255 motion. Montgomery asserts (i) the waiver of indict-

ment he signed upon entering a plea of guilty was invalid because he was not represented by counsel, and (ii) District Court erred in denying his motion without another hearing. Concluding Montgomery's allegations are without merit, we affirm.

## I.

A two–count information charging Montgomery and William Buckelew with armed robbery in violation of 18 U.S.C. §§ 2113(a) and (d) was filed on November 24, 1965. On December 10, 1965, Montgomery signed a waiver of indictment and pleaded guilty to aggravated robbery in violation of 18 U.S.C. § 2113(d), without counsel, as his counsel had withdrawn earlier that day. District Court, consequently, appointed Lionel Fuller to represent Montgomery and Roy Barrera to represent Buckelew.

On December 22, 1965, Judge William Doyle granted defendants' motion to withdraw their original pleas and enter pleas of not guilty. After jury trial and conviction, defendants were sentenced to eighteen years imprisonment under former 18 U.S.C. § 4208(a)(2), making them immediately eligible for parole. Montgomery did not, however, timely file a direct appeal of his conviction.

On November 18, 1971, Montgomery filed a motion to vacate sentence and judgment on the basis of illegal search, coerced confession, void waiver of indictment, and other grounds. After denial of § 2255 relief by the District Court, this Court reversed and remanded for an evidentiary hearing to determine whether (i) Montgomery intentionally bypassed his remedy of direct appeal, (ii) he was under the influence of drugs during trial, and (iii) Judge Doyle had quashed Montgomery's waiver of indictment. *Montgomery v. United States*, 469 F.2d 148 (5th Cir. 1972).

The hearing was held on December 15–16, 1972. Montgomery and the Government presented testimony of both court–appointed counsel, the former United States Attorney, and the former Assistant United States Attorney, who prosecuted the case for the Government. On January 9, 1973,

District Court made findings of fact and conclusions of law that (i) Montgomery had intentionally bypassed his direct appeal, (ii) Montgomery was not drugged at trial, (iii) Judge Doyle did not set aside the waiver of indictment and (iv) Montgomery never attempted to withdraw it. Both District Court and this Court denied leave to appeal in forma pauperis.

On April 4, 1979, Montgomery filed the instant petition under 28 U.S.C. § 2255, alleging his conviction should be vacated because his waiver of indictment was invalid. He argues Judge Doyle told him he would have to sign the waiver before his guilty plea would be accepted. More specifically, Montgomery asserts, since he was not represented by counsel, he did not know or understand his rights, and consequently his waiver was invalid.

The United States Magistrate concluded on May 3, 1979, the petition should be dismissed as an abuse of the writ under Rule 9(a) and (b) of the § 2255 Rules. Rule 9(a) provides for dismissal of a § 2255 motion if the Government has been prejudiced by delay in filing it. Rule 9(b) further provides for dismissal of a successive motion if, *inter alia*, the movant's failure to have asserted any new or different grounds in a prior motion constitutes an abuse of the writ.

The Magistrate noted Montgomery's statement he did not present this ground previously because at his 1972 evidentiary hearing he first became aware the waiver of indictment occurred on December 10, 1965, whereas it bears a file stamp of December 15, 1965. The Magistrate concluded, however, that the ground should have been raised in his prior § 2255 motion.

Alternatively, the Magistrate held that: "The record fully shows that the petitioner did in fact waive the presentment of an indictment, consented to be tried on an information, entered a plea of guilty and waived counsel." Although Montgomery asserted in his objections to the Magistrate's report that he did not waive counsel on December 10, 1965, as shown by Judge Doyle's order, the order itself states Mont-

gomery did waive counsel. The Magistrate concluded Montgomery "has not adduced and cannot adduce facts which would enable him to carry the burden of proof of his allegations." District Court adopting the Magistrate's report, denied relief on May 22, 1979.

## II.

■ "Unless there is a valid waiver, the lack of an indictment in a [federal] felony case is a defect going to the jurisdiction of the court." 1 Wright, Federal Practice and Procedure: Criminal § 121 at 213. *See United States v. Macklin*, 523 F.2d 193, 196–97 (2d Cir. 1975). Rule 7(b), F.R. Crim.P., provides the waiver must be made in open court after the defendant has been advised of the nature of the charge and his rights. The court must be satisfied the waiver was knowingly, understandingly, and voluntarily made. *Beardslee v. United States*, 541 F.2d 705, 706 (8th Cir. 1976). A waiver of indictment, being merely a waiver of a finding of probable cause by a grand jury, is of relatively less consequence as compared with a waiver of trial, and thus does not call for all of the protections surrounding entry of guilty pleas. *United States v. Hammerman*, 528 F.2d 326, 332 (4th Cir. 1975).

At the 1972 evidentiary hearing, the former Assistant United States Attorney testified Montgomery was advised in open court upon arraignment December 10, 1965, of his right to have his case presented to the grand jury. This advice, and Montgomery's signing of the waiver, occurred in open court in the Judge's presence. The Assistant District Attorney also testified that he asked Montgomery if he wished to have counsel present when he signed the waiver. He testified no one ever raised any question concerning the waiver, nor was there any request for an indictment. He further stated he would not have permitted the case to be prosecuted by information if that had not been consented to by both defendants.

The former United States Attorney testified if an issue concerning validity of the information had "just even lightly been raised," they would have obtained an indictment. No one ever raised such an issue in this case, however, nor did the defense even move to quash the waiver.

Attorney Fuller testified Montgomery never raised any question concerning the waiver and specifically, Montgomery never asked him to do anything to invalidate the waiver.

■ In light of this evidence presented at the 1972 hearing and the findings of the District Court, Montgomery's allegation his waiver of indictment was not knowingly and understandingly made is lacking in good faith. Montgomery's allegation he did not waive counsel at the time is refuted by Judge Doyle's order. Another evidentiary hearing could not result in presentation of any additional relevant evidence except Montgomery's own testimony, which he withheld in 1972, unless Judge Doyle or Buckelew testified. The record, which includes the 1972 hearing, conclusively shows that Montgomery is entitled to no relief, so denial of relief was proper without regard to good faith.

Montgomery's excuse for not alleging this § 2255 ground sooner, when he was without counsel, also is spurious. Since he was present in court on both December 10, 1965 and December 15, 1965, Montgomery had first-hand knowledge of what transpired. Specifically, he has known since the date he signed the waiver whether he was advised of his rights and represented by counsel at the time.

The same may be said of Montgomery's belated claim that FBI agents coerced his confession, waiver of indictment, and guilty plea by threatening to have him tried on a state capital robbery charge. A similar allegation was made in his motion to suppress his confession, which Judge Doyle denied prior to trial. The evidence in the 1972 hearing fully supported the District Court's conclusions concerning the reasons for withdrawal of the plea of not guilty and not taking an appeal.

The denial of this § 2255 motion was correct.

AFFIRMED.