959 F.2d 232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre PARROTTE, Defendant-Appellant.
 No. 91-6616.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 11, 1992.
Decided April 3, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CR-91-72-K, CA-91-372-K)
 Andre Parrotte, appellant pro se.
 Katharine Jacobs Armentrout, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, K.K. HALL and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Andre Parrotte appeals from an order of the district court summarily denying Parrotte's petition under 28 U.S.C. § 2255 (1988). Because the record does not conclusively show that Parrotte is not entitled to relief, we vacate the decision of the district court and remand.
 
 
 2
 Parrotte, an inmate at the Federal Correctional Institution at Petersburg, was convicted on a guilty plea of possession with intent to distribute heroin, and sentenced to a term of 160 months imprisonment. Parrotte claimed in his verified § 2255 motion that his attorney failed to file a notice of appeal even though Parrotte requested him to do so immediately after his sentencing hearing, and his attorney promised to do so. In response, the government submitted an affidavit by Parrotte's former attorney, Robert Durkin, which alleges that subsequent to the hearing, after speaking with Parrotte at length concerning the matter, Parrotte informed him that " 'he wanted no appeal.' " Durkin maintained that he received a letter from Parrotte after the tenday deadline for filing an appeal had passed, indicating Parrotte's desire to appeal his sentence. The letter was not submitted as part of the record. On the strength of Durkin's affidavit alone, the district court summarily dismissed Parrotte's petition.
 
 
 3
 Section 2255 of Title 28 of the United States Code provides that unless the record conclusively shows that the prisoner is entitled to no relief, the district court should conduct an evidentiary hearing and state its findings and conclusions. United States v. Young, 644 F.2d 1008, 1013 (4th Cir.1981). Affidavits filed in support of dismissal are to be used to determine whether bona fide issues of fact exist and not to decide the issues themselves. See Montgomery v. United States, 469 F.2d 148 (5th Cir.1972); cf. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir.1971). Thus, when resolution of an issue of fact depends upon a credibility determination, an evidentiary hearing is appropriate. See, e.g., Bartelt v. Guinn, 485 F.2d 250 (5th Cir.1973); cf. Davis v. Zahradnick, 600 F.2d 458 (4th Cir.1979).
 
 
 4
 Even though Parrotte pled guilty, his assertion that Durkin did not perfect his appeal after Parrotte requested that he do so may state a claim of ineffective assistance of counsel. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985) (attorney's failure to perfect appeal as of right after trial deprived petitioner of constitutionally guaranteed effective assistance of counsel). Durkin's failure to take the simple steps required to file a notice of appeal would constitute such extraordinary inattention to his client's interests and cause such damage to his client's rights that it would be a prima facie case in itself under the law of several circuits. See Abels v. Kaiser, 913 F.2d 821, 823 (10th Cir.1990); Estes v. United States, 883 F.2d 645, 648-49 (8th Cir.1989); Doyle v. United States, 721 F.2d 1195, 1198 (9th Cir.1983). But cf. Barrientos v. United States, 668 F.2d 838, 842-43 (5th Cir.1982).
 
 
 5
 Because the record does not conclusively show that the prisoner was not entitled to relief, further development of the issue is warranted. We therefore vacate the decision of the district court, and remand for further consideration of Parrotte's petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.