**George KASTENBAUM,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 77–2766.

United States Court of Appeals,
Fifth Circuit.

Jan. 17, 1979.

George Kastenbaum, pro se.

Jack V. Eskenazi, U. S. Atty., Miami, Fla., John H. Burnes, Jr., John J. Klein, Atty., Dept. of Justice, App. Sec., Criminal Div., Washington, D. C., for defendant-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

George Kastenbaum appeals the district court's summary dismissal of his motion to vacate a sentence imposed upon him for a

1970 Hobbs Act conviction. We reverse and remand because the district court erred in refusing to conduct a hearing on the motion.

In February 1970, Kastenbaum and a co-defendant, Norman Jacobs, were convicted on one count of conspiracy to extort money in violation of the Hobbs Act, 18 U.S.C. § 1951. Kastenbaum was also convicted on one count of attempt to violate that statute. The district court sentenced Kastenbaum to five years' imprisonment on the conspiracy count and three years' imprisonment on the attempt count, the terms to run concurrently. On appeal, this Court affirmed. *United States v. Jacobs*, 5 Cir. 1971, 451 F.2d 530, *cert. denied*, 405 U.S. 955, 92 S.Ct. 1170, 31 L.Ed.2d 231.

On March 24, 1977, Kastenbaum filed this motion to vacate sentence under 28 U.S.C. § 2255. He challenged his earlier convictions on two grounds. First, he asserted that the trial court had impermissibly restricted the arguments of his attorneys. Second, he contended that his conduct did not violate the Hobbs Act because it did not obstruct, delay, or affect interstate commerce, the jurisdictional element of a Hobbs Act offense. *See* 18 U.S.C. § 1951(a), (b)(3). The district court denied Kastenbaum's motion on July 25, 1977, without conducting a hearing. The district court held that Kastenbaum could not raise these contentions because they had been addressed by this Court on direct appeal.

■ Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may move that court to vacate his sentence. The statute provides that,

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The court need not, however, conduct a hearing and relitigate issues that were raised by the petitioner in his direct appeal.

*Kaufman v. United States*, 1968, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227; *Fuentes v. United States*, 5 Cir. 1972, 455 F.2d 910.

We agree with the district court that the *Kaufman* doctrine precludes Kastenbaum from arguing that his conduct did not come within the Hobbs Act because it did not obstruct, delay, or affect commerce. In his direct appeal, this Court squarely held to the contrary:

> There is ample evidence that Casella [the extortion victim] advertised his bus tours at Miami Beach and in many states other than the State of Florida; that in the short time he operated his tours persons from several states other than Florida took the tours, and that the acts of Jacobs and Kastenbaum in endeavoring to further the object of the conspiracy obstructed, delayed, or affected interstate commerce.

*United States v. Jacobs*, 5 Cir. 1971, 451 F.2d 530, 540–41.

■ We must disagree in part, however, with the district court's resolution of Kastenbaum's contention that the trial court impermissibly limited the scope of his attorneys' argument. The trial court ruled that whether Casella, the extortion victim, had actually been placed in fear by the defendants' conduct was irrelevant to the issues whether the defendants had conspired and attempted to extort him. Accordingly, the trial court ordered Kastenbaum's attorneys to refrain from arguing to the jury about the victim's fear. On appeal, this Court sanctioned that ruling. 451 F.2d at 540. The district court, then, acted properly when it summarily refused to relitigate this issue. It erred, however, when it failed to provide a § 2255 hearing on a related contention by Kastenbaum involving the trial court's limitation upon the scope of his attorneys' argument.

At trial, the Government introduced evidence that Casella's cat had been murdered, his wife had been threatened by a gunman, brochures advertising his tour service had been stolen from hotels, and false reservations had been made for his tours. Accord-

ing to Kastenbaum, the Government failed to link this evidence to either defendant. His attorneys allegedly did not make this important point in their argument to the jury, however. Kastenbaum asserts that his counsel were silent on this matter because they interpreted the trial court's order barring any argument on whether the abhorrent acts created fear in Casella as also barring any argument that Kastenbaum was not involved in perpetrating the acts. Kastenbaum supports his contention by producing affidavits of his trial counsel. In these affidavits, the attorneys state that, to the best of their recollection, at the charge conference the trial judge said that he would send to jail any attorney who argued to the jury that the acts of intimidation had not created fear in Casella.

This Court has examined a copy of the transcript of the charge conference and found no evidence of such a threat by the trial court. It is possible, however, that something happened at the charge conference or at another time that is not reflected in the transcript and that reasonably led Kastenbaum's attorneys to refrain from arguing his lack of involvement with the acts of intimidation because they feared being cited for criminal contempt. At all events, this issue was not raised on Kastenbaum's direct appeal. He is entitled, then, to a § 2255 hearing on this issue.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for proceedings not inconsistent with this opinion. On remand, the trial judge is not required to disqualify himself under 28 U.S.C. § 455. *Petition of Geisser,* 5 Cir. 1977, 554 F.2d 698, 707; *United States v. Bernstein,* 2 Cir. 1976, 533 F.2d 775, 785. He may, of course, exercise his discretion to excuse himself.